UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSELINE ROVINKSY,

    Plaintiff,

v.                                              Case No. 8:19-cv-1071-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on the *Plaintiff's Petition for Attorney Fees*. (Doc. 15). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in May 2019, seeking judicial review of the Commissioner's decision denying her claim for Social Security Disability Benefits. (Doc. 1). On August 2, 2019, the Commissioner moved for entry of judgment in the Plaintiff's favor and requested that the case be remanded under sentence four of 42 U.S.C. § 405(g). (Doc. 11). The Court granted that motion on August 9, 2019, (Doc. 13), and the Clerk of Court entered Judgment for the Plaintiff that same day (Doc. 14).

The instant motion, filed on October 31, 2019, and unopposed by the Commissioner, followed. (Doc. 15).

II.

The Equal Access to Justice Act (EAJA or the Act) authorizes a court to award attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was substantially justified or that special circumstances exist that make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). To warrant an award of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file an application for fees within thirty days of the final judgment; (2) the party must qualify as the prevailing party; and (3) the government's position must not have been "substantially justified" and no other special circumstances must exist to make an award unjust. *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990)); 28 U.S.C. § 2412(d).

These conditions have been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, an award of fees and costs under the Act is proper.

To determine the amount of fees to be awarded under the Act, the Court is guided by:

> [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the

cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Determination of the appropriate hourly rate involves a two-step process. First, the court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). Second, if the prevailing market rate exceeds $125 per hour, the court must decide whether to adjust the hourly rate for inflation or some special factor. *Id.* at 1033-34.

The market rate during the relevant time period for the type of work at issue here is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for work performed during and after 2017 typically have sought hourly rates ranging from $175 to more than $195. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. Accordingly, the Court finds it appropriate to deviate upward from the EAJA's base rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g., Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009); *Morrison v. Astrue*, 2010 WL 547775, *2 (S.D. Fla. Feb. 12, 2010); *see also*

*Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments). The Court finds it reasonable here to use the CPI as a guide for determining cost of living increases under the Act. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost.

The Plaintiff seeks $781.04 in fees based on a total of four hours expended on this case in 2019 by attorney Michael Steinberg. (Doc. 15 at 2). In support of this fee request, the Plaintiff submits an itemization of the time spent by attorney Steinberg during that period. (Doc. 15-1). The sought-after attorneys' fees are predicated on an hourly rate of $195.62. (Doc. 15 at 3). The Plaintiff also seeks $400 in costs for the filing fee paid to the Clerk of Court. *Id.*

With respect to the matter of attorneys' fees, the Court finds that both the total number of hours expended by Plaintiff's counsel and his requested hourly rate are reasonable. As a result, the Plaintiff is entitled to $781.04 in fees based on a total of four hours expended on this case. In addition, the Plaintiff is entitled to $400 for her filing fee.

## III.

In light of the above, it is hereby ORDERED:

1. *Plaintiff's Petition for Attorney Fees* (Doc. 15) is granted.

2. The Plaintiff is awarded attorneys' fees of $781.04 and costs of $400 for a total amount of $1,181.04.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's attorneys.

DONE and ORDERED in Tampa, Florida, this 14th day of November 2019.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record